**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| COACH USA, INC., *et al.*,[1] | Case No. 24-11258 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** **N/A** |
| | **Objection Deadline:** **N/A** |

**MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR,
AND SCHEDULE AN EXPEDITED HEARING ON, THE DEBTORS' MOTION FOR
ENTRY OF AN ORDER (A) APPROVING (I) THE DEBTORS' DESIGNATION OF
THE STALKING HORSE BIDDER FOR CERTAIN OF THE DEBTORS' ASSETS AS
SET FORTH IN THE STALKING HORSE AGREEMENT, (II) THE DEBTORS' ENTRY
INTO THE STALKING HORSE AGREEMENT, AND
(III) THE BID PROTECTIONS AND (B) GRANTING RELATED RELIEF**

Coach USA, Inc. and its affiliated debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"), having contemporaneously filed

herewith the *Debtors' Motion for Entry of an Order (A) Approving (I) the Debtors' Designation*

*of the Stalking Horse Bidder for Certain of the Debtors' Assets as Set forth in the Stalking Horse*

*Agreement, (II) the Debtors' Entry into the Stalking Horse Agreement, and (III) the Bid*

*Protections and (B) Granting Related Relief* (the "Stalking Horse Motion")[2] hereby move the

Court (this "Motion to Shorten"), pursuant to section 105 of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rules 9006-1(c) and (e) of the Local Rules of Bankruptcy

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
        claims and noticing agent at https://cases.ra.kroll.com/CoachUSA.  The Debtors' mailing address is 160 S
        Route 17 North, Paramus, NJ 07652

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
        Stalking Horse Motion or the First Day Declaration (as defined below), as applicable.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Proposed Order"), substantially in the form annexed hereto as Exhibit A, (a) shortening the time for notice of the hearing to consider approval of the Stalking Horse Motion so that it may be heard at the hearing scheduled for **July 16, 2024 at 2:00 p.m.** (ET) (the "Hearing"); and (b) requiring that objections or responses to the relief requested in the Stalking Horse Motion be received at or before the Hearing. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rules 9006-1(c) and (e).

## BACKGROUND

**A.      General Background**

3.      On June 11, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to

manage their financial affairs as debtors in possession. On June 25, 2024, the Office of the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed, pursuant to

section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No.

139] (the "Committee").  No trustee or examiner has been appointed in these Chapter 11 Cases.

4.       Information regarding the Debtors' history, business operations, capital structure

and secured indebtedness, and the events leading up to the commencement of these

Chapter 11 Cases can be found in the *Declaration of Spencer Ware in Support of the Debtors'*

*Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 15] (the "First Day

Declaration").

**B.      The Stalking Horse Motion**

1.       As explained in the Stalking Horse Motion, in an effort to establish a value-

maximizing sale and auction process, on June 12, 2024, the Debtors filed the *Debtors' Motion for*

*Entry of (A) An Order (I) Approving Bidding Procedures in Connection with the Sale of*

*Substantially All of the Debtors' Assets, (II) Designating Stalking Horse Bidders and Stalking*

*Horse Bidder Protections, (III) Scheduling Auction for and a Hearing to Approve the Sale of*

*Assets, (IV) Approving Notice of Respective Date, Time and Place for Auction and for a Hearing*

*on Approval of the Sale, (V) Approving Procedures for the Assumption and Assignment of Certain*

*Executory Contracts and Unexpired Leases, (VI) Approving Form and Manner of Notice Thereof,*

*and (VII) Granting Related Relief; and (B) Orders Authorizing and Approving (I) The Sale of the*

*Debtors' Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (II)*

*The Assumption and Assignment of Certain Executory Contracts, and Unexpired Leases, and (III)*

*Granting Related Relief* [Docket No. 20] (the "Bidding Procedures Motion").   The Bidding

Procedures Motion is scheduled for hearing on July 9, 2024 at 3:00 p.m. (ET).   Following

discussions with the Committee, the Debtors have agreed to adjourn consideration of the NewCo

Stalking Horse APA and related bid protections to the hearing scheduled for July 16, 2024, at 2:00 p.m. (ET).

2.       Following the filing of the Bidding Procedures Motion, the Debtors continued to solicit proposals for all or substantially all of their assets.  As part of such process, the Debtors accelerated their discussions with Great Plains Crew Change Company, LLC ("Great Plains") regarding a potential stalking horse bid for certain of the Debtors' assets, including substantially all of the assets of the Debtors' Powder River business segment as well as a portion of the Butler business segment, and such other assets as identified in the GP Stalking Horse APA (collectively, the "GP Assets").

3.       These negotiations resulted in an agreement for Great Plains to purchase the GP Assets, and, on July 5, 2024, the Debtors and Great Plains entered into the Stalking Horse Agreement (the "GP Stalking Horse Bid").  Importantly, the GP Stalking Horse Bid does not foreclose other bidders from submitting bids on some or all of the Debtors' assets, including the GP Assets, or for other bidders to include the GP Assets as part of their bids, which may take varying other forms.  Any such going concern or asset bids must be submitted in advance of or at the bid deadline, which, pending Court approval, is **August 1, 2024 at 5:00 p.m. (ET)**.

4.       The GP Stalking Horse Bid is expressly subject to higher or otherwise better offers in accordance with the terms of the Bidding Procedures and the GP Stalking Horse Bid at the Auction (pending Court approval, to be scheduled for August 6, 2024), and, therefore, will serve as a baseline bid for any subsequent transaction involving the GP Assets.  In the absence of such a baseline bid, the marketability of the GP Assets could be materially diminished.

5.       In light of the benefits of the GP Stalking Horse Bid, and as set forth in the *Supplemental Declaration of John Sallstrom in Support of the Motion*, filed contemporaneously

herewith, the Debtors believe that the proposed bid protections—including (a) a break-up fee of $259,566 (the "GP Break-Up Fee") and (b) the obligation to reimburse Great Plains for its documented, out of pocket costs and expenses, including without limitation the fees and expenses of its attorneys, consultants and accountants, in an amount not to exceed $86,522 (the "Expense Reimbursement" and, together with the Break-Up Fee, the "GP Bid Protections")—are within market for agreements of this kind, necessary to secure the GP Stalking Horse Bid, and reasonable under the circumstances.

6.       Accordingly, the Debtors believe that approving the GP Stalking Horse Bid and the Bid Protections on an expedited basis are in the best interests of the Debtors, their estates, and all stakeholders.  Entry into the Stalking Horse Agreement will ensure that Great Plains is committed to the terms reflected in the Stalking Horse Agreement and will establish a baseline bid for the GP Assets.  At the same time, the GP Stalking Horse Bid provides the Debtors with flexibility to consider bids of the any of the Debtors' assets, including competing bids for the GP Assets. Accordingly, the Debtors request that the Court grant the relief requested herein.

## RELIEF REQUESTED

5.       By this Motion to Shorten, the Debtors seek entry of the Proposed Order (a) shortening the time for notice of the Stalking Horse Motion; and (b) requiring that objections to entry of the proposed order approving the Stalking Horse Motion, if any, be received at or before the Hearing.

## BASIS FOR RELIEF

6.       Bankruptcy Rule 2002 requires twenty-one (21) days' notice of motions involving the "use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving service." Fed. R. Bankr. P. 2002(a)(2).  Likewise, Local Rule 9006-1(c)(i) provides that, sale procedures

5

motions (including those seeking to provide bid protections to a "stalking horse" bidder) must be filed at least 21-days prior to the hearing date. Del. Bankr. L.R. 9006-1(c)(i). In addition, Local Rule 9006-1(c)(ii) provides that where a motion is to be filed on at least 21-days' notice, the objection deadline for such motion must be "no earlier than fourteen (14) days after the date of service." Del. Bank. L.R. 9006-1(c)(ii).

7.      Pursuant to Bankruptcy Rule 9006(c)(1), however, the Court may, in its discretion for cause shown, shorten the otherwise applicable notice period. Fed. R. Bankr. P. 9006(c)(1). Further, Local Rule 9006-1(e) provides that such period may be shortened "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). No hearing on such a motion to shorten notice is required. *Id.* In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings").

7.      For the reasons stated herein, the Debtors believe that good cause and compelling circumstances warrant expedited consideration of the Stalking Horse Motion at the Hearing. The Debtors have agreed to adjourn approval of the NewCo Stalking Horse APA to the hearing scheduled for 2:00 p.m. on July 16, 2024, and submit that it would be the most efficient use of all resources for the matters to be considered together.

8.      In addition, the Debtors will provide timely notice of the Stalking Horse Motion as expeditiously as possible under the circumstances. In that regard, Local Rule 9036-1(b) provides that "[s]ervice will be made on registered CM/ECF users through the CM/ECF system." In addition, the Debtors will cause the Stalking Horse Motion to be served upon the Service Parties

(as defined below) by email or by overnight mail. Notice of the Stalking Horse Motion will therefore swiftly and effectively reach interested parties, all of whom will have an opportunity to respond, object, and be heard prior to or at the Hearing if they choose. The Debtors respectfully submit that any inconvenience to any parties caused by shortened notice is far outweighed by the risk of irreparable harm the Debtors and their estates will face if the Motion to Shorten is not granted.

8.      The Court's expedited approval of the Stalking Horse Motion will enable to preserve the value of their assets for the benefit of parties in interest and ensure a competitive auction process. In light of the foregoing, the Debtors submit that granting this Motion to Shorten, as requested herein, is justified under the circumstances of the Chapter 11 Cases.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

9.      The Debtors notified the U.S. Trustee and the Committee via email on July 2, 2024, of Debtors' intention to seek the relief requested herein, and provided the proposed hearing and objection dates contained in the Motion to Shorten. Neither party objected to the relief.

## NOTICE

10.      The Debtors have provided notice of this Motion to Shorten to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to Wells Fargo Bank, National Association, (i) Goldberg Kohn, 55 E. Monroe St., Chicago, Illinois 60603 (Attn: William A. Starshak (William.Starshak@goldbergkohn.com), Dimitri G. Karcazes (Dimitri.Karcazes@goldbergkohn.com), Prisca M. Kim (prisca.kim@goldbergkohn.com), and Nicole P. Bruno (Nicole.Bruno@goldbergkohn.com)) and (ii) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware (Attn: John H. Knight (knight@rlf.com) and Paul N. Heath (heath@rlf.com)); (d) counsel to the GP Stalking Horse Bidder; and (e) all parties that have filed a notice of appearance and request for service of

papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein,

the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as the Court may deem just and proper.

Dated:   July 5, 2024          **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
      Wilmington, Delaware

*/s/ Joseph M. Mulvihill*
Edmon L. Morton (No. 3856)
Sean M. Beach (No. 4070)
Joseph M. Mulvihill (No. 6061)
Timothy R. Powell (No. 6894)
Rebecca L. Lamb (No. 7223)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:   emorton@ycst.com
      sbeach@ycst.com
      jmulvihill@ycst.com
      tpowell@ycst.com
      rlamb@ycst.com

*- and -*

**ALSTON & BIRD LLP**
J. Eric Wise (admitted *pro hac vice*)
Matthew K. Kelsey (admitted *pro hac vice*)
William Hao (admitted *pro hac vice*)
90 Park Avenue
New York, New York 10016
Telephone:   (212) 210-9400
Facsimile:   (212) 210-9444
Email:   eric.wise@alston.com
      matthew.kelsey@alston.com
      william.hao@alston.com

*Proposed Counsel to the Debtors and Debtors in Possession*