### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| COACH USA, INC., *et al.*,[1] | Case No. 24-11258 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 141** |

### ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the *Debtors' Motion for Entry of an Order Authorizing the Employment and Payment of Professionals Used in the Ordinary Course of Business* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and this Court having reviewed the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/CoachUSA.  The Debtors' mailing address is 160 S Route 17 North, Paramus, NJ 07652.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

all of the proceedings had before this Court; and this Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and

all other parties in interest; and this Court having determined that the legal and factual basis set

forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to retain and pay the professionals (each an "Ordinary

Course Professional" and collectively, the "Ordinary Course Professionals") identified on the

OCP List annexed to the Motion as Exhibit B in the ordinary course of business pursuant to the

following procedures (the "OCP Procedures"):

(a)     The Debtors shall be authorized to pay, without formal application to this
Court by any Ordinary Course Professional, 100% of the fees and
disbursements requested by each Ordinary Course Professional retained by
the Debtors pursuant to the OCP Procedures upon submission to the
Debtors of an appropriate invoice setting forth in reasonable detail the
nature of the services rendered after the Petition Date; *provided, however*,
that fees paid to Ordinary Course Professionals, excluding costs and
disbursements, may not exceed $50,000 per month per each Ordinary
Course Professional listed on Exhibit B attached to the Motion, calculated
as an average over a rolling three (3)-month period while these
Chapter 11 Cases are pending (the "OCP Cap").

(b)     Any payments to an Ordinary Course Professional in excess of the OCP
Cap shall be subject to prior approval of this Court in accordance with
sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the
Local Rules, the UST Fee Guidelines (as applicable), and any applicable
orders of this Court.

(c)     Each Ordinary Course Professional on the OCP List that is an attorney
shall file and serve a declaration of disinterestedness substantially in the
form annexed to the Motion as Exhibit C-1 (the "Attorney OCP
Declaration") and each Ordinary Course Professional on the OCP List that
is a non-attorney shall file and serve a declaration of disinterestedness
substantially in the form annexed to the Motion as Exhibit C-2

31799499.3

(the "Professional OCP Declaration," and together with the Attorney Declaration, each, a "Declaration of Disinterestedness"). Each Ordinary Course Professional shall file and serve, at least fourteen (14) calendar days prior to submitting an invoice to the Debtors, a Declaration of Disinterestedness upon: (i) Coach USA, Inc., 160 S Route 17 North, Paramus, NJ 07652 (Attn: Josie Stary (Josie.Stary@coachusa.com)), (ii) the attorneys for the Debtors, (A) Alston & Bird LLP, 90 Park Avenue, New York, NY 10016 (Attn: William Hao (william.hao@alston.com) and Andrew Frisoli (andrew.frisoli@alston.com)) and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Joseph Mulvihill (jmulvihill@ycst.com) and Rebecca Lamb (rlamb@ycst.com)); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov)); (iv) counsel to the Official Committee of Unsecured Creditors, (A) Brown Rudnick LLP, 7 Times Square, New York, New York 10036 (Attn: Robert J. Stark (rstark@brownrudnick.com), Bennett S. Silverberg (bsilverberg@brownrudnick.com), Sharon I. Dwoskin (sdowskin@brownrudnick.com)) and (B) Faegre Drinker Biddle & Reath, LLP, 222 Delaware Ave. Suite 1410, Wilmington, Delaware 19801 (Attn: Patrick A. Jackson (Patrick.jackson@faegredrinker.com)); (v) counsel to Wells Fargo Bank, National Association, (A) Goldberg Kohn, 55 E. Monroe St., Chicago, Illinois 60603 (Attn: William A. Starshak (William.Starshak@goldbergkohn.com), Dimitri G. Karcazes (Dimitri.Karcazes@goldbergkohn.com), Prisca M. Kim (prisca.kim@goldbergkohn.com), and Nicole P. Bruno (Nicole.Bruno@goldbergkohn.com)) and (B) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware, (Attn: John H. Knight (knight@rlf.com) and Paul N. Heath (heath@rlf.com)); and (vi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

(d)     The Notice Parties shall have ten (10) days after the date of filing of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within ten (10) days of its receipt, the matter shall be scheduled for hearing before this Court at the next regularly scheduled omnibus hearing date that is no less than ten (10) days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved, or overruled by order of this Court.

(e)     If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to retain such Ordinary Course Professional as of the date such Ordinary Course Professional commenced providing services to the Debtors and pay such Ordinary Course Professional as set forth below.

(f)     Within thirty (30) calendar days after the end of, and with respect to, each full three (3)-month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with this Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during such period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

(g)     The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these Chapter 11 Cases by (i) including such Ordinary Course Professionals on an amended or supplemental OCP List that is filed with this Court and served on the Notice Parties and (ii) having such additional Ordinary Course Professionals comply with the OCP Procedures, are fully reserved.

3.     The Debtors are authorized to supplement the OCP List as necessary to add or remove Ordinary Course Professionals, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added Ordinary Course Professionals.  In such event, the Debtors shall file the amended or supplemental OCP List with this Court and serve such list on the Notice Parties.  Interested parties shall have fourteen (14) days to object to any amended or supplemental OCP List.  Each additional Ordinary Course Professional listed in the OCP List shall serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are timely filed to any such additional Ordinary Course Professional's Declaration of Disinterestedness, then retention of such Ordinary Course Professionals shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.      Nothing in the Motion or this Order shall be deemed or construed as: (a) an admission as to the validity of, or a promise to pay with respect to, any claim or lien against the Debtors or their estates, (b) a waiver of the Debtors' right to dispute any claim or lien, or (c) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise.

5.      Nothing herein shall be deemed to constitute the postpetition assumption of any executory contract under section 365 of the Bankruptcy Code or authority to lift or modify the automatic stay set forth in section 362 of the Bankruptcy Code.

6.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

7.      Notwithstanding any applicable provisions of the Bankruptcy Code or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

31799499.3

**Dated: July 8th, 2024**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**