THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>COACH USA, INC., *et al.* [1]<br><br>      Debtors. | Chapter 11<br><br>Case No.: 24-11258 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 975 |

**ORDER (I) CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications, and (III) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and this Court having reviewed the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/CoachUSA. The Debtors' mailing address is 160 S Route 17 North, Paramus, NJ 07652.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

32531806.3

notice is adequate and no other or further notice need be given; and upon the record of the hearing on the Motion, if any; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates, their creditors, and all other parties in interest; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Effective as of December 31, 2024, the Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

3. Professionals shall file final statements and applications for compensation (including, without limitation, fees and expenses that are not the subject of any previous application, and any "holdback" retained in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals, and (II) Granting Related Relief* [Docket No. 229]) (collectively, the "Fee Applications") on or before **January 31, 2025**, or be forever barred from receiving any such compensation. Objections, if any, to a Fee Application must be filed and served on counsel to the Debtors and the party filing such Fee Application, so as to be actually received on or before **February 14, 2025, at 4:00 p.m. (ET).** A hearing on such timely filed final Fee Applications shall be held before this Court on **March 5, 2025 at 2:00 p.m. (ET).**

4. The Debtors shall:

    (a) within seven (7) days of entry of this Order, turn over to the chapter 7 trustee all records and property of the estate under their custody and control as required by Bankruptcy Rule 1019(4);

(b) within fourteen (14) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the Conversion Date, which schedule shall include the name and address of each creditor holding any such debt;

(c) within thirty (30) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the U.S. Trustee; and

(d) within thirty (30) days after conversion of the Chapter 11 Cases, (i) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) and (ii) file and serve copies of all outstanding monthly operating reports ("MORs") on the U.S. Trustee. The U.S. Trustee reserves any and all rights to, among other things, seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the MORs.

5. Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the DIP Financing Order, the Sale Orders, or any order of this Court (or documents related thereto) entered during the Chapter 11 Cases, and all rights and remedies in connection with such orders shall be preserved in their entirety.

6. To the extent not previously remitted to the DIP Agent, immediately prior to the Conversion Date the Debtors shall remit to the DIP Agent all remaining cash on hand in excess of the amounts set forth in the Budget, as required by the DIP Financing Order.

7. Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall impact that certain Transition Agreement, dated as of October 31, 2024, by and between Dillon's Bus Service, Inc. and Dillon's Bus Lines, LLC, and any trustee appointed for the bankruptcy estate of Dillon's Bus Service, Inc. is hereby authorized to perform under the Transition Agreement in accordance with its terms.

32531806.3

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 18th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

32531806.3