# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>COACH USA, Inc. *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11258 (MFW)<br><br>(Jointly Administered)<br><br>Hearing: March 5, 2025 at 2:00 p.m. (et)<br>Objections due: February 17, 2025 at 4:00 p.m. (et) |

## MOTION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOX ROTHSCHILD LLP AS ATTORNEYS FOR ALFRED T. GIULIANO, CHAPTER TRUSTEE, PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014, AND DEL. BANKR. L.R. 2014-1, EFFECTIVE AS OF JANUARY 2, 2025

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of Coach USA, Inc. and its affiliated Debtors (the "Debtors"), respectfully requests the entry of an Order, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, and L.B.R. 2014-1, authorizing the employment and retention of Fox Rothschild LLP ("Fox Rothschild") as his attorneys in these cases, effective as of January 2, 2025 (the "Motion"). In support of this Motion, the Trustee submits the Affidavit of Michael G. Menkowitz, Esquire (the "Menkowitz Affidavit"), which is attached hereto as **Exhibit A** and incorporated by reference herein, and respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1]. The Debtors' mailing address is 160 S Route 17 North, Paramus, NJ 07652.

2. Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On June 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On December 18, 2024, the Court entered an Order converting the chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [D.I. 1050].

6. On December 31, 2024, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect [D.I. 1061].

7. Prior to the Petition Date, the Debtors were one of the leading providers of ground passenger transportation and mobility solutions in North America. In addition to the household name "Coach USA," the Company operates under several other brands, including: Megabus, Coach Canada, Coach USA Airport Express, Dillon's Bus Company, and Go Van Galder. Through its affiliates and subsidiaries, and under various brand names, the Company has been offering passenger transportation solutions for over 100 years. More detailed information on the Debtors' background and business operations may be found in the *Declaration of Spencer Ware in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [D.I. 15].

8. The Trustee is seeking, subject to this Court's approval, to retain Fox Rothschild as his attorneys in connection with the administration of these cases, effective as of January 2, 2025.

## RELIEF REQUESTED

9. By this Motion, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014 and L.B.R. 2014-1, the Trustee seeks entry of an Order authorizing him to retain and employ Fox Rothschild, effective as of January 2, 2025, as his attorneys to represent and assist the Trustee in these chapter 7 cases.

## BASIS FOR RELIEF REQUESTED

10. Section 327(a) of the Bankruptcy Code provides that a Chapter 7 trustee may employ an attorney to represent or assist the Chapter 7 trustee in carrying out the trustee's duties, so long as the proposed attorney is "disinterested," as that term is defined in Section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate. *See* 11 U.S.C. § 327(a).

11. Section 328(a) of the Bankruptcy Code empowers a Chapter 7 trustee to employ, subject to court approval, an attorney to perform services for a Chapter 7 trustee under any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis. *See* 11 U.S.C. § 328(a).

A. **Fox Rothschild's Qualifications**

11. The Trustee seeks to employ Fox Rothschild because of its extensive experience and knowledge in matters of this nature and believes that Fox Rothschild is well-qualified and competent to perform the services required by the Trustee. Fox Rothschild has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, entities that are claimants of the Debtors or other parties-in-interest in this case. Fox Rothschild has not, and will not, represent any such party, or any of their affiliates or subsidiaries, in relation

3

to the Trustee, the Debtors, or this case. The Trustee believes Fox Rothschild is qualified to represent the Trustee in this case.

### B. Scope of Employment

12. The professional services that Fox Rothschild will provide to the Trustee include, but shall not be limited to, the following:

   a. Providing legal advice with respect to the powers and duties as a Trustee;

   b. Preparing, on behalf of the Trustee, any necessary applications, complaints, motions, answers, orders, reports, and other legal papers;

   c. Appearing in Court and protecting the interests of the Trustee, the estate, and the creditors; and

   d. Performing all other legal services for the Trustee that may be necessary and proper in this case.

### C. Compensation and Fee Applications

13. Subject to Court approval, and in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Fox Rothschild at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred. The principal attorneys and paralegals presently designated to represent the Trustee and their current standard hourly rates are:

   a. Michael G. Menkowitz (Partner)         $1,275 per hour

   b. Jesse M. Harris (Associate)            $625 per hour

   c. Stephanie Slater Ward (Associate)      $625 per hour

   d. Robert H. Eisentrout (Associate)       $540 per hour

   e. Matthew A. Skolnick (Associate)        $495 per hour

   f. Noah Thomas (Associate)                $450 per hour

   g. Robin I. Solomon (Paralegal)           $555 per hour

        h.        Marcia Steen (Paralegal)        $505 per hour

14. The hourly rates set forth above are Fox Rothschild's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Fox Rothschild for the work of its attorneys and paralegals, and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters herein described.

15. It is Fox Rothschild's policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, scanning, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Fox Rothschild to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses. Fox Rothschild will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Fox Rothschild's other clients. Fox Rothschild believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16. Fox Rothschild has not received or requested a retainer in this case.

17. Fox Rothschild intends to apply to the Court for interim and final allowance of compensation for professional services rendered and reimbursement of expenses incurred, in accordance with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by orders entered by the Court.

18. The Trustee submits that the compensation arrangements with Fox Rothschild are reasonable, at market rates, and similar to the rates charged to other clients in similar circumstances.

### D. Disinterestedness and Disclosure of Connections

19. Except as disclosed in the Menkowitz Affidavit, Fox Rothschild does not represent any entity having an adverse interest with this case. To check and clear potential conflicts of interest in this case, Fox Rothschild researched its client database to determine whether it had any relationships with the following entities, limited to potential conflicts in its engagements as attorneys to the Trustee (collectively, the "Interested Parties"):

    a. The Debtors;

    b. The Debtors' former officers and/or directors;

    c. The bankruptcy judges of the United States Bankruptcy Court for the District of Delaware;

    d. The Office of the United States Trustee (Delaware division);

    e. The Debtors' known secured/unsecured creditors; and

    f. Other known parties with an actual or potential interest.

A full list of the Interested Parties searched is attached to the Menkowitz Affidavit as **Schedule A** and incorporated by reference herein. To the extent that Fox Rothschild's research of its relationships with the Interested Parties indicates that Fox Rothschild has represented or currently represents any of these entities, the identities of these entities are disclosed on **Schedule B** of the Menkowitz Affidavit.

20. To the best of the Trustee's knowledge, and except as otherwise disclosed in the Menkowitz Affidavit: (a) Fox Rothschild has no connection with the Debtors, the Debtors' known secured/unsecured creditors, the Office of the United States Trustee for the District of Delaware,

any person employed in the Delaware Office of the United States Trustee, or any other known party with an actual or potential interest in this case or their respective attorneys; (b) Fox Rothschild is not, and has not been, an investment banker for any outstanding securities of the Debtors; (c) Fox Rothschild does not hold or represent an interest adverse to the Debtors' estate; and (d) Fox Rothschild is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code.

21.  The Trustee contends that Fox Rothschild's employment is necessary and in the best interests of the Trustee, the Debtors' estate, and its creditors.

## NOTICE

22.  Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtors; (c) creditors that hold claims for which proofs of claim have been filed as of the date of this Motion; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an order: (i) authorizing him, pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014, and L.B.R. 2014-1, to retain and employ Fox Rothschild as his attorneys in this case, effective as of January 2, 2025; and (ii) granting such other relief as is just and proper.

Respectfully submitted,

*/s/ Alfred T. Giuliano*
Alfred T. Giuliano, Chapter 7 Trustee

Dated:  January 31, 2025