## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| COACH USA, INC., *et al.,* | Case No. 24-11258 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: To be Determined**<br>**Objection Deadline: April 11, 2025 at 4 p.m. (ET)** |

## MOTION OF ANTONIA MENDOZA SANCHEZ
## FOR RELIEF FROM THE AUTOMATIC STAY
## PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE

Antonia Mendoza Sanchez ("Ms. Sanchez" or "Movant"), by and through undersigned counsel, hereby moves this Court (the "Motion"), pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Ms. Sanchez to prosecute a personal injury lawsuit against debtors One Bus, Inc. and Coach USA (together with the above-captioned co-debtors, the "Debtors"), and to proceed to collect any award against the Debtors' applicable insurance policies.  In support of this Motion, Ms. Sanchez respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2.       This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Mrs. Sanchez consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court,

1

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.    The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

## FACTS

5.    On June 11, 2024, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors' cases are being jointly administered.

6.    On December 18, 2024, this Court entered an Order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code [D.I. No. 1050].  Alfred Giuliano is the acting chapter 7 trustee (the "Trustee") of the Debtors' cases.

7.    Prior to the Petition Date, on or about April 12, 2023, Ms. Sanchez was a passenger on a motorcoach (the "Motorcoach") owned by New Jersey Transit and leased to debtors One Bus, Inc. and Coach USA.  On that same day the Motorcoach was traveling on Pleasant Avenue at or near its intersection with Park Avenue in the Town of Weehawken, State of New Jersey when, as a result of the negligence of its driver, James Ssebunya ("Mr. Ssebunya"), the Motorcoach was involved in a collision (the "Collision").

8.    Upon information and belief, Mr. Ssebunya was an employee and/or agent of the Debtors acting within the scope of his employment while operating the Motorcoach.

9.    Ms. Sanchez suffered serious and permanent physical injuries as result of the Collision that required and will continue to require the care of physicians, hospitalization and medication.

10.    As a result of the Collision and Mr. Ssebunya and the Debtors' negligence, on or about January 30, 2025, Ms. Sanchez, through counsel, commenced a personal injury action in the

Superior Court of New Jersey, Hudson County, Case. No. HUD-L-000371-25 (the "State Court Action") against debtors One Bus, Inc., Coach USA and others responsible for her injuries.  Ms. Sanchez files the present motion in order to liquidate her claims against the Debtors.

11.     Upon information and belief, the Debtors maintain insurance coverage applicable to Ms. Sanchez's claims.

12.     Indeed, the financial obligations of a motor carrier to persons who may sustain injury or death as a result of the operation of the carrier's commercial passenger vehicles are clear and explicit under federal law. The Debtors are subject to the Federal Motor Carrier Safety Regulations (the "FMCSR") through authority provided by the Motor Carrier Act of 1980. See 49 U.S.C.A. § 10927. Section 387.31(a) of the FMCRC provides that "[n]o motor carrier shall operate a motor vehicle transporting passengers until the motor carrier has obtained and has in effect the minimum levels of financial responsibility as set forth in § 387.33 of this subpart." 49 CFR § 387.31(a). Since November 19, 1985, for-hire motor carriers of passengers operating in interstate or foreign commerce with a seating capacity of sixteen passengers or more have been required to maintain policies of insurance, surety bonds or other forms of responsibility with minimum limits of $5,000,000. 49 CFR § 387.33. Specific proof of this required financial responsibility must be maintained at the motor carrier's place of business in either Form MCS-90B or Form MCS-82B. 49 CFR Section 387.31(d).

13.     In addition, the Federal Motor Carrier Safety Administration (FMCSA), a division of the U.S. Department of Transportation, maintains a website identifying the entity providing coverage required by the FMCRC with respect to each commercial carrier subject to the FMCRC. Greenwich Insurance company is identified on the FMCSA website as providing $5 million in liability coverage to the Debtors.

3

14.     The filing, prosecution and liquidation of Ms. Sanchez's claims in the State Court Action have been delayed as a consequence of the Debtors' chapter 11 filings and the automatic stay provisions set forth in 11 U.S.C. § 362(a).

## RELIEF REQUESTED

15.     Through this Motion, Ms. Sanchez seeks the entry of an order pursuant to § 362(d) of the Bankruptcy Code and rule 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that she may prosecute her claims to judgment in the State Court Action and satisfy any award or other resolution she may obtain against the Debtors' applicable insurance policies and any other responsible individual or entity.

## BASIS FOR RELIEF REQUESTED

16.      Ms. Sanchez is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

17.     The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

11 U.S.C. §362(d)(1).

18.     The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examine the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

19.     At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in

property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

20.     Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

21.     Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1)     Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2)     Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3)     The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

22.     Here, the facts weigh in Ms. Sanchez's favor on each of these three prongs.  First, the Debtors will not suffer prejudice should the stay be lifted because Ms. Sanchez's claims must eventually be liquidated before she can recover from the bankruptcy estate.  Further, because her claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the

bankruptcy case is pending, or in the district court in the district in which the claims arose…").  Furthermore, Ms. Sanchez has demanded and is entitled to a jury trial in the State Court Action and a jury trial is not available in this Court.

23.    Upon information and belief, the Debtors' liability in this matter is covered by insurance.  As such, any recovery by Ms. Sanchez will not greatly impact the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

24.    Conversely, Ms. Sanchez will face substantial hardship if the stay is not lifted. She has suffered severe pain and injury as a result of the Debtors' negligence.  Ms. Sanchez will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, Ms. Sanchez resides in State of New Jersey, and the events which form the basis of her claims occurred exclusively in New Jersey.  If Ms. Sanchez is forced to litigate her claims in Delaware, she would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990).  Here, judicial economy would be served by lifting the automatic stay

6

and allowing Ms. Sanchez's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

25.     Neither the Debtors nor the Trustee will suffer any hardship if Ms. Sanchez's claims in the State Court Action are allowed to proceed. Her claims are personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors or the Trustee from their liquidation process. Indeed, under the FMCRC, the Debtors are required to maintain policies of insurance, surety bonds or other forms of responsibility with minimum limits of $5,000,000. 49 CFR § 387.33.

26.     Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Ms. Sanchez's favor. The facts regarding the Debtors' negligence set forth herein and in the State Court Action speak for themselves. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

27.     When weighing the above factors, the Court should lift the automatic stay, in order to permit Ms. Sanchez to prosecute her claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action and satisfy any award or other resolution they may obtain against the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

WHEREFORE, Ms. Sanchez respectfully requests that the Court enter an Order lifting the automatic stay, substantially in the form attached thereto, and for such further additional relief as may be just and proper under the circumstances.

Dated: March 28, 2025

/s/ Michael J. Joyce
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Antonia Mendoza Sanchez*