## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| COACH USA, INC., et al. | : | |
| | : | Chapter 7 |
| Debtors. | : | |
| | : | Case No. 24-11258 (MFW) |
| _____ | : | |
| | : | |
| GREENWICH INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| COACH USA, Inc.; | : | |

COACH USA, Inc.;
COACH USA ADMINISTRATION, INC.;
3329003 CANADA, INC.; PROJECT KENWOOD
INTERMEDIATE HOLDINGS I, INC.; PROJECT
KENWOOD INTERMEDIATE HOLDINGS II, LLC,
3376249 CANADA, INC.; 349 FIRST STREET URBAN
RENEWAL CORP.; PROJECT KENWOOD
INTERMEDIATE HOLDINGS III, LLC;
4216849 CANADA, INC.; PROJECT KENWOOD
ACQUISITION, LLC; ALL WEST COACHLINES,
INC.; CAM LEASING, LLC; AMERICAN COACH
LINES OF ATLANTA, INC.; PROJECT KENWOOD
HOLDINGS, INC.; BARCLAY AIRPORT SERVICE,
INC.; COACH USA MBT, LLC; BARCLAY
TRANSPORTATION SERVICES, INC.; DILLON'S
BUS SERVICE, INC.; BUTLER MOTOR TRANSIT,
INC.; VOYAVIATION, LLC; MEGABUS NORTHEAST,
LLC; CUSARE II, INC.; HUDSON TRANSIT LINES,
INC.; CHENANGO VALLEY BUS LINES, INC.;
MEGABUS USA, LLC; DRAGON BUS, LLC;
COACH LEASING, INC.; CUSARE, INC.;
PENNSYLVANIA TRANSPORTATION SYSTEMS,
INC.; MEGABUS SOUTHEAST, LLC; COACH
USA ILLINOIS, INC.; NEW YORK SPLASH
TOURS, LLC; COACH USA TOURS – LAS
VEGAS, INC.; ROUTE 17 NORTH REALTY,
LLC; COLONIAL COACH CORPORATION;
CENTRAL CAB COMPANY; COMMUNITY

1

COACH, INC.; COMMUNITY TOURS, INC;                         :
WISCONSIN COACH LINES,                                     :
INC.; CENTRAL CHARTERS & TOURS, INC.;                      :
ROCKLAND COACHES, INC.; COMMUNITY                          :
TRANSIT LINES, INC.; DOUGLAS BRAUND                        :
INVESTMENTS LIMITED; LAKEFRONT                             :
LINES, INC.; CLINTON AVENUE BUS COMPANY;                   :
ELKO, INC.; TRANSPORTATION                                 :
MANAGEMENT SERVICES, INC.; GAD-ABOUT                       :
TOURS, INC.; COMMUNITY TRANSPORTATION,                     :
INC.; HUDSON TRANSIT CORPORATION;                          :
COMMODORE TOURS, INC.; INDEPENDENT                         :
BUS COMPANY, INC.; PACIFIC COAST                           :
SIGHTSEEING TOURS & CHARTERS, INC.;                        :
INTERNATIONAL BUS SERVICES, INC.;                          :
COMMUNITY BUS LINES, INC.; POWDER                          :
RIVER TRANSPORTATION SERVICES, INC.;                       :
ORANGE, NEWARK, ELIZABETH BUS, INC.;                       :
KILT OF RI, INC.; SL CAPITAL CORP., LEISURE                :
TIME TOURS; KERRVILLE BUS COMPANY,                         :
INC.; LENZNER TOURS, INC.; LENZNER                         :
TOURS, LTD.; LENZNER TRANSIT, INC.;                        :
LENZNER TRANSPORTATION GROUP,                              :
INC.; LIMOUSINE RENTAL SERVICE, INC.;                      :
MEGABUS CANADA, INC.; MEGABUS                              :
SOUTHWEST, LLC; MEGABUS WEST, LLC;                         :
MIDTOWN BUS TERMINAL OF NEW YORK,                          :
INC.; MISTER SPARKLE, INC.; MOUNTAINEER                    :
COACH, INC.; OLYMPIA TRAILS BUS COMPANY,                   :
INC.; PARAMUS NORTHEAST MGT. CO., LLC;                     :
PERFECT BODY, INC.; RED & TAN CHARTER, INC.;               :
RED & TAN ENTERPRISES, INC.; RED & TAN                     :
TOURS; RED & TAN TRANSPORTATION SYSTEMS,                   :
INC.; ROCKLAND TRANSIT CORPORATION;                        :
SAM VAN GALDER, INC.; SHORT LINE                           :
TERMINAL AGENCY, INC.; SPORRAN AWC, INC.;                  :
SPORRAN GCBS, INC.; SPORRAN GCTC, INC.;                    :
SPORRAN RTI, INC.; SUBURBAN MANAGEMENT                     :
CORP.; SUBURBAN TRAILS, INC.; SUBURBAN                     :
TRANSIT CORP.; THE BUS EXCHANGE, INC.;                     :
TRENTWAY-WAGAR (Properties), INC.;                         :
TRENTWAY-WAGAR, INC.; TRI-STATE COACH                      :
LINES, INC.; TRT TRANSPORTATION, INC.;                     :
TWENTY-FOUR CORP.; CRAIG DAVIS;                            :
DOROTHY WIGGINS; CORALIS SANTANA;                          :
DERRICK BYRD; IMANI JOSEPH; ELWIS CHIN;                    :

MISAEL FERREIRA-TEJADA; MANUEL VARGAS;          :
WILSON BRAVO-OCHOA; MD N. HOWLADER;              :
EDITH OCHOA; JOSE ALVARADO MENDOZA,             :
EDWYN HODGE; CATHY JONES; DESMOND                :
FRAZIER; JERONESHA HARRIS; JADAZIA               :
WATTER; SONYA PRATER; TRISH HOANG;               :
HELEN NGUYEN; ODETTE VIEYRA;                     :
MICHELLE VIEYRA; GODFREY PETIT-FRERE;            :
EUGENE NAUGHTON; ADESHINA SOYEBO;                :
MINNIE WRIGHT; JONATHAN ZUNIGA;                  :
MAFANTA KAJAKHE; WANDA GRANT;                    :
NICOLE JACKSON; DEBORAH ROGERS;                  :
LUISA PONCE DE PAZ; FRANK ZANELLA;               :
KATHERINE FLORES; MICHELE WALLACE;               :
MIRIAM LEZAMA; MICKOL BERRY; DEVON               :
GRAVES; PETER JEROME; McKENNA BLINMAN;           :
CHELSI BROOKS; KIMBERLY CLAY; ORYSYA             :
DANKO; JACQUELINE DOLMAN; TAVRION GORI;          :
CHERYL JOHNSON; KUMAREE KANHAI;                  :
YAMARA KIYANITZA, Administrator and              :
Administrator Ad Proesequendum of the Estate of  :
CECILIA KIYANITZA; SANDOMAR KIYANITZA;           :
RACHEL MARTIN; JOEL MEJIA; JOHN CALVIN           :
MOORE; LILIANA MORA-CHEN;                        :
FAJIMOLU OLAMIDE; CAMERON N. ROGERS;             :
MANU SAHAY; NICOLE SALCUNI; PALAS SARKER; :
KIM STEWARD; OLGA COLLINS; NARCISA               :
SANCHEZ; TIFFANY McDOUGALD;                      :
IDIRIS PURVIS; ANTHONY PURVIS;                   :
NOELIA GRACIA; SHAUNTE L. WILLIAMS;              :
YOLANDA FLOWERS; DONEVOR E. APPLETON;            :
LYDIA BANFIELD; ANNA MARIE CHIWANGA;             :
AHMAD DAVIS; ANTHONY FERGUSON;                   :
BARBARA S. FORBES; ALINA IVANOVA, JUNIE          :
ALEXIA JOLIFILIS; TATIYANA S. KELLY;             :
MAKELA MARSHALL; DARNELL OLIVER;                 :
DELOISE N. POPE; CHRIS POWELL;                   :
VENOL RAYMOND; TERESA STEVENS;                   :
PAULA VILLAGRANA-OCASIO;                         :
HERNANDO VIVEROS CABEZAS;                        :
DEVON WARD; STEPHANIE LaGRECA;                   :
MICHAEL MOISE; BOBBIE PERKINS;                   :
STACEY CRAWFORD; MIKAELA HALL;                   :
TONIA GRAY; YOUNG AN; KRISTEN PEGRAM;            :
TANYA SCHEER; REBECCA VALDES;                    :
TRACY NELSON; YUSUF SHABAZZ;                     :

3

YURI YEGIAZARYAN; RAMIRO MARIN :
MARTINEZ; ALEJANDRO MARTINEZ :
CASTILLO; LUCINDA DURAN; TYEISHA :
EVANS; NAKIYA NICHOLS; ARIEL THOMAS; :
HARRY RUGGS; DANIELLE MATTINA; :
EWAN PIPER; ABIGAIL ARIAS; MIKE SAHEGHIAN, :
on behalf of the Estate of MIRIAM SAHEGHIAN; :
MICHAEL SAHEGHIAN, on behalf of the :
Estate of MIRIAM SAHEGHIAN; :
JOHN SAHEGHIAN, on behalf of the :
Estate of MIRIAM SAHEGHIAN; :
WILLIAM ROBINSON III; LYNNE HOFFLUND; :
JOSE CRUZ-SANTANA; DEBRA HOUSE; :
DEBRA HAMILTON; ANEL GARCIA; :
PRISCILLA BROOKS; GUANGZHI GAO; :
LARRY NICHOLAS; MERSELINE FLOBERT; :
ADEBIMPE AGIRI; KATHERIN CORONADO; :
CAMILLE QUINONES; CHARLES GRANT :
ROBBINS-McCONELL; DONNA HEARN; :
MOHAMMAD MUMTAZ KHAN; JASMINE :
ECHANDY; ANA T. JIMENEZ-HERNANDEZ; :
SANY SYED; DEVIN JOHNSON; KENISHA FALLS; :
LEROY JOHNSON; JOSHUA BROWN; :
SIDDARTH RAVINDRANATH; MARIAH SMITH; :
MARIA BAIZABAL; YIZHE XU; WINSTON HAMM; :
MANUEL BRITO-PUELLO; AYMAN ABOUSHOMAR; :
ODANIS ROSARIO; :
KOUROUMA MADOUSSOU; UYLESS P. :
WILLIAMS, JR.; SAVANNA JONES, NICOLE :
NICKOLS; GLORIA NICKOLS; DAVID FARBER; :
OZENDY MERCADO; ARLENE LITTLE; :
MARCELO   MEJIA-YLLOA; SALVADOR MORETA; :
FRANCISCO MARTINEZ; PIERINA :
RAMIREZ-GHIGGO; DANIEL GUTIERREZ; :
MAUDE COLLINS; CANDIDA GOMEZ; :
SHARON KESS; LISA OLIVER; ADEPIMPE AGIRI; :
DONALD GRIFFIN; LARISA L. POLLACK; DIONNE :
McFARLANE; FRANK MARTINEZ; DONNA J. KING; :
CIARA CASANOVA; :
ALEXANDRA YOUNG; SONJA KEITH; :
TAYLOR CLAIBORN; JACQUELINE Y. JUMPER; :
JEREMY TUBENS, MARK ROMASKY; :
KARINA MILLA; THOMAS MURPHY; :
MARIA DEL RIO; AMY ESCOBAR MIRON; :
HERMAN PRYOR; JENNIFER BALLESTEROS; :
ANTIGHA IKEJIOFOR; NUMA MELGAR, :

4

LIONEL WHARTON; DANTE ARNOLD;                        :
AYDE HERNANDEZ-CORTEZ; GUIDO KEVIN                   :
QUINTEROS PACHECO; JORGE E. ORTEGA;                  :
DEBRA LOVETT; AGUILES S. GALLARDO;                   :
MIGUEL BARRERA BRAVO; CAROLINA M.                    :
CHAVEZ; SHELLY PLEASANT; MARIA HELENA                :
JIMENEZ; JUNYONG YANG; JUANDY                        :
JIMENEZ-CASTILLO; NICKOSHEA WALLACE;                 :
TERRY-ANN BLEACHER; SONJA DAVIS;                     :
NICHOLE WALLACE; NASIR WALLCE;                       :
DWAYNE WALTERS; MELISSA BLAND,                       :
as Independent Executor of the Estate of            :
REGINA POTTS; JUDY HEADRICK; MacKENZIE               :
McEWEN; OCTAVIUS SIMMONS;                            :
SALVADOR CARRANZA,                                  :
                                                    :
                              Defendants.           :

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Greenwich Insurance Company, by and through its undersigned counsel, Kennedys CMK LLP, states as follows:

## INTRODUCTION

1.      Greenwich Insurance Company ("Greenwich") seeks a declaratory judgment confirming and consistent with Greenwich's and Coach USA, Inc.'s ("Coach USA") intent, agreement and course of performance, that claims for commercial auto liability coverage that were insured under the commercial automobile liability policies issued by Momentum Risk Retention Group, Inc. (the "Momentum Policies"), are not also covered under a Greenwich commercial auto policy.

## THE PARTIES

2.      Greenwich is a corporation organized under the laws of the State of Delaware with its principal place of business located at 70 Seaview Avenue, Stamford, Connecticut.

3.      Coach USA is a Delaware corporation with its principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

4.      Coach USA Administration, Inc., ("Coach Administration") is a Nevada corporation with its principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

5.      3329003 Canada, Inc., is a Canadian corporation with a principal place of business at 5550 Monk Boulevard, Montreal, Quebec, Canada, H4C 3R8.

6.      Project Kenwood Intermediate Holdings I, Inc., is a Delaware corporation with a principal place of business at 1880 Century Park East, Suite 825, Los Angeles, CA 90067.

7.      Project Kenwood Intermediate Holdings II, LLC, is a Delaware limited liability company corporation with a principal place of business at 1880 Century Park East, Suite 825, Los Angeles, CA 90067.

8.      3376249 Canada, Inc., is a Canadian corporation with a principal place of business at 66 Wellington Street West Suite 4100 Toronto, Ontario, Canada, M5K 1B7.

9.      349 First Street Urban Renewal Corp., is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

10.     Project Kenwood Intermediate Holdings III, LLC, is a Delaware limited liability company with a principal place of business at 1880 Century Park East, Suite 825, Los Angeles, CA 90067.

11.     4216849 Canada, Inc., is a Canadian corporation with a principal place of business at 5550 Monk Boulevard, Montreal, Quebec, Canada, H4C 3R8.

12.     Project Kenwood Acquisition, LLC, is a Delaware limited liability company with a principal place of business at 1880 Century Park East, Suite 825, Los Angeles, CA 90067.

13.     All West Coachlines, Inc., is a Texas corporation with a principal place of business at 7701 Wilbur Way, Sacramento, CA 95828.

14.     CAM Leasing, LLC, is a Delaware limited liability company with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

15.     American Coach Lines of Atlanta, Inc., is a Texas corporation with a principal place of business at 705 Lively Avenue, Norcross, GA 30071.

16.     Project Kenwood Holdings, Inc., is a Delaware corporation with a principal place of business at 1880 Century Park East, Suite 825, Los Angeles, CA 90067.

17.     Barclay Airport Service, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

18.     Coach USA MBT, LLC, is a Delaware limited liability company with a principal place of business at 1520 Arcadian Avenue, Waukesha, WI 53186.

19.     Barclay Transportation Services, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

20.     Dillon's Bus Service, Inc., is a Delaware corporation with a principal place of business at 7479 New Ridge Road, Hanover, MD 21076.

21.     Butler Motor Transit, Inc., is a Pennsylvania corporation with a principal place of business at 210 S. Monroe Street, Butler, PA 16003.

22.     Voyaviation, LLC, is a Delaware limited liability company with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

23.     Megabus Northeast, LLC, is a Delaware limited liability company with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

24.     CUSARE II, Inc., is a Delaware corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652..

25.     Hudson Transit Lines, Inc., is a Delaware corporation with a principal place of business at 66 Tetz Road, Chester, NY 10918.

26.     Chenango Valley Bus Lines, Inc., is a New York corporation with a principal place of business at 105 Chenango Street, Binghampton, NY 13907.

27.     Megabus USA, LLC, is a Delaware limited liability company with a principal place of business at 1520 Arcadian Avenue, Waukesha, WI 53186.

28.     Dragon Bus, LLC, is a Delaware limited liability company with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

29.     Coach Leasing, Inc., is a Delaware limited liability company with a principal place of business at 7559 Walton, Rockford, IL 61108.

30.     CUSARE, Inc., is a Delaware corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

31.     Pennsylvania Transportation Systems, Inc., is a Delaware limited liability company with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

32.     Megabus Southeast, LLC, is a Delaware limited liability company with a principal place of business at 705 Lively Avenue, Norcross, GA 30071.

33.     Coach USA Illinois, Inc., is an Illinois corporation with a principal place of business at 1520 Arcadian Avenue, Waukesha, WI 53186.

34.     New York Splash Tours, LLC, is a Delaware limited liability company with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

35.     Coach USA Tours – Las Vegas, Inc., is a Nevada corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

36.     Route 17 North Realty, LLC, is a New Jersey limited liability company with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

37.     Colonial Coach Corporation is a New Jersey corporation with a principal place of business at 66 Tetz Road, Chester, NY 10918.

38.     Central Cab Company is a Pennsylvania corporation with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

39.     Community Coach, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

40.     Community Tours, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

41.     Wisconsin Coach Lines, Inc., is a Wisconsin corporation with a principal place of business at 1520 Arcadian Avenue, Waukesha, WI 53186.

42.     Central Charters & Tours, Inc., is a Pennsylvania corporation with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

43.     Rockland Coaches, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

44.     Community Transit Lines, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

45.     Douglas Braund Investments Limited is a Canadian corporation with a principal place of business at 66 Wellington Street West, Suite 4100, Toronto, Ontario, Canada, M5K 1B7.

46.     Lakefront Lines, Inc., is a California corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

47.     Clinton Avenue Bus Company is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

48.     Elko, Inc., is a Wyoming corporation with a principal place of business at 4105 West Idaho Street, Elko, NV 89801.

49.     Transportation Management Services, Inc., is a Pennsylvania corporation with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

50.     Gad-About Tours, Inc., is an Ohio corporation with a principal place of business at 44015 State Route 14, Columbiana, OH 44408.

51.     Community Transportation, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

52.     Hudson Transit Corporation is a New York corporation with a principal place of business at 66 Tetz Road, Chester, NY 10918.

53.     Commodore Tours, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

54.     Independent Bus Company, Inc., is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

55.     Pacific Coast Sightseeing Tours & Charters, Inc., is a Florida corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

56.     International Bus Services, Inc., is a New York corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

57.     Community Bus Lines, Inc., is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

58.     Powder River Transportation Services, Inc., is a New York corporation with a principal place of business at 1700 East Highway, 14-16 Gillette, WY 82716.

59.     Orange, Newark, Elizabeth Bus, Inc., is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

60.     KILT of RI, Inc., is a Rhode Island corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

61.     SL Capital Corp. is a New York corporation with a principal place of business at 66 Tetz Road, Chester, NY 10918.

62.     Leisure Time Tours is a New Jersey corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

63.     Kerrville Bus Company, Inc., is a Texas corporation with a principal place of business at 1430 E. Houston Street, San Antonio, TX 78202.

64.     Lenzner Tours, Inc., is a Pennsylvania corporation with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

65.     Lenzner Tours, LTD is a Pennsylvania limited partnership with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

66.     Lenzner Transit, Inc., is a Pennsylvania corporation with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

67.     Lenzner Transportation Group, Inc., is a Nevada corporation with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

11

68.     Limousine Rental Service, Inc., is a New Jersey corporation with a principal place of business at 66 Tetz Road, Chester, NY 10918.

69.     Megabus Canada, Inc., is a Canadian corporation with a principal place of business at 66 Wellington Street West, Suite 4100, Toronto, Ontario, Canada, M5K 1B7.

70.     Megabus Southwest, LLC, is a Rhode Island limited liability company with a principal place of business at 1430 East Houston Street, San Antonio, TX 78202.

71.     Megabus West, LLC, is a Nevada limited liability company with a principal place of business at 2001 S. Manchester Avenue, Anaheim, CA 92802.

72.     Midtown Bus Terminal of New York, Inc., is a New York corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

73.     Mister Sparkle, Inc., is a New Jersey corporation with a principal place of business at 750 Somerset Street, New Brunswick, NJ 08901.

74.     Mountaineer Coach, Inc., is a Pennsylvania corporation with a principal place of business at 110 Lenzner Court, Sewickley, PA 15143.

75.     Olympia Trails Bus Company, Inc., is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

76.     Paramus Northeast Mgt. Co., LLC, is a New Jersey limited liability company with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

77.     Perfect Body, Inc., is a New Jersey corporation with a principal place of business at 7100 West Side Avenue, North Bergen, NJ 07047.

78.     Red & Tan Charter, Inc., is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

79.     Red & Tan Enterprises, Inc., is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

80.     Red & Tan Tours is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206.

81.     Red & Tan Transportation Systems, Inc., is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206

82.     Rockland Transit Corporation is a New York corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

83.     Sam Van Galder, Inc., is a Wisconsin corporation with a principal place of business at 715 Pearl Street, Janesville, WI 53545.

84.     Short Line Terminal Agency, Inc., is New Jersey corporation with a principal place of business at 66 Tetz Road, Chester, NY 10918.

85.     Sporran AWC, Inc., is a California corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

86.     Sporran GCBS, Inc., is a California corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

87.     Sporran GCTC, Inc., is a Texas corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

88.     Sporran RTI, Inc., is a California corporation with a principal place of business at 160 S. Route 17 North, Paramus, New Jersey 07652.

89.     Suburban Management Corp. is a New Jersey corporation with a principal place of business at 750 Somerset Street, New Brunswick, NJ 08901.

90.     Suburban Trails, Inc., is a New Jersey corporation with a principal place of business at 750 Somerset Street, New Brunswick, NJ 08901.

91.     Suburban Transit Corp., is a New Jersey corporation with a principal place of business at 750 Somerset Street, New Brunswick, NJ 08901.

92.     The Bus Exchange, Inc., is a New York corporation with a principal place of business at 66 Tetz Road, Chester, NY 10918.

93.     Trentway-Wagar (Properties), Inc., is a Canadian corporation with a principal place of business at 66 Wellington Street West, Suite 4100, Toronto, Ontario, Canada, M5K 1B7.

94.     Trentway-Wagar, Inc., is a Canadian corporation with a principal place of business at 66 Wellington Street West, Suite 4100, Toronto, Ontario, Canada, M5K 1B7.

95.     Tri-State Coach Lines, Inc., is an Indiana corporation with a principal place of business at 1520 Arcadian Avenue, Waukesha, WI 53186.

96.     TRT Transportation, Inc., is an Illinois corporation with a principal place of business at 1520 Arcadian Avenue, Waukesha, WI 53186.

97.     Twenty-Four Corp. is a New Jersey corporation with a principal place of business at 349 First Street, Elizabeth, NJ 07206 .

98.     The entities identified in paragraphs 5 through 97 above will be referred to as the "Coach Operating Companies."

99.     Coach Administration and Coach USA will be referred to collectively as "Coach."

100.    The Coach Operating Companies and Coach will be referred to collectively as the "Coach Entities."

101.    Craig Davis is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

102.     Dorothy Wiggins is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

103.     Coralis Santana is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

104.     Derrick Byrd is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

105.     Imani Joseph is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

106.     Elwis Chin is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

107.     Misael Ferreira-Tejada is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

108.     Manuel Vargas is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

109.     Wilson Bravo-Ochoa is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

110.     MD N. Howlader is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

111.     Edith Ochoa is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

112.     Jose Alvarado Mendoza is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

113. Edwyn Hodge is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

114. Cathy Jones is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

115. Desmond Frazier is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

116. Jeronesha Harris is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

117. Jadazia Watter is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

118. Sonya Prater is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

119. Trish Hoang is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

120. Helen Nguyen is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

121. Odette Vieyra is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

122. Michelle Vieyra is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

123. Godfrey Petit-Frere is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

124. Eugene Naughton is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

125. Adeshina Soyebo is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

126. Minnie Wright is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

127. Jonathan Zuniga is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

128. Mafanta Kajakhe is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

129. Wanda Grant is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

130. Nicole Jackson is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

131. Deborah Rogers is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

132. Luisa Ponce De Paz is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

133. Frank Zanella is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

134. Katherine Flores is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

135.   Michele Wallace is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

136.   Miriam Lezama is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

137.   Mickol Berry is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

138.   Devon Graves is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

139.   Peter Jerome is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

140.   McKenna Blinman is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

141.   Chelsi Brooks is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

142.   Kimberly Clay is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

143.   Orysya Danko is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

144.   Jacqueline Dolman is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

145.   Tavrion Gori is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

146. Cheryl Johnson is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

147. Kumaree Kanhai is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

148. Yamara Kiyanitza is an adult individual who has made a claim, as the Administrator and Administrator Ad Proesequendum of the Estate of Cecilia Kiyanitza, against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

149. Sandomar Kiyanitza is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

150. Rachel Martin is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

151. Joel Mejia is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

152. John Calvin Moore is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

153. Liliana Mora-Chen is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

154. Fajimolu Olamide is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

155. Cameron N. Rogers is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

156. Manu Sahay is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

157.     Nicole Salcuni is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

158.     Palas Sarker is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

159.     Kim Steward is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

160.     Olga Collins is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

161.     Narcisa Sanchez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

162.     Tiffany McDougald is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

163.     Idiris Purvis is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

164.     Anthony Purvis is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

165.     Noelia Garcia is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

166.     Shaunte L. Williams is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

167.     Yolanda Flowers is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

168. Donevor E. Appleton is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

169. Lydia Banfield is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

170. Anna Marie Chiwanga is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

171. Ahmad Davis is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

172. Anthony Ferguson is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

173. Barbara S. Forbes is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

174. Alina Ivanova is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

175. Junie Alexia Jolifilis is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

176. Tatiyana S. Kelly is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

177. Makela Marshall is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

178. Darnell Oliver is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

179.     Deloise N. Pope is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

180.     Chris Powell is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

181.     Venol Raymond is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

182.     Teresa Stevens is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

183.     Paula Villagrana-Ocasio is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

184.     Hernando Viveros Cabezas is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

185.     Devon Ward is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

186.     Stephanie LaGreca is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

187.     Michael Moise is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

188.     Bobbie Perkins is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

189.     Stacey Crawford is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

190.    Mikaela Hall is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

191.    Tonia Gray is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

192.    Young An is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

193.    Kristen Pegram is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

194.    Tanya Scheer is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

195.    Rebecca Valdes is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

196.    Tracy Nelson is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

197.    Yusuf Shabazz is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

198.    Yuri Yegiazaryan is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

199.    Ramiro Marin Martinez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

200.    Alejandro Martinez Castillo is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

201.     Lucinda Duran is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

202.     Tyeisha Evans is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

203.     Nakiya Nichols is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

204.     Ariel Thomas is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

205.     Harry Ruggs is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

206.     Danielle Mattina is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

207.     Ewan Piper is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

208.     Abigail Arias is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

209.     Mike Saheghian is an adult individual who has made a claim, on behalf of the estate of Mariam Saheghian, against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

210.     Michael Saheghian is an adult individual who has made a claim, on behalf of the estate of Mariam Saheghian, against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

211.    John Saheghian is an adult individual who has made a claim, on behalf of the estate of Mariam Saheghian, against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

212.    William Robinson III is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

213.    Lynne Hofflund is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

214.    Jose Cruz-Santana is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

215.    Debra House is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

216.    Debra Hamilton is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

217.    Anel Garcia is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

218.    Priscilla Brooks is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

219.    Guangzhi Gao is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

220.    Larry Nicholas is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

221.    Merseline Flobert is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

222.    Adebimpe Agiri is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

223.    Katherin Coronado is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

224.    Camille Quinones is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

225.    Charles Grant Robbins-McConell is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

226.    Donna Hearn is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

227.    Mohammad Mumtaz Khan is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

228.    Jasmine Echandy is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

229.    Ana T. Jimenez-Hernandez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

230.    Sany Syed is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

231.    Devin Johnson is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

232.    Kenisha Falls is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

233.     Leroy Johnson is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

234.     Joshua Brown is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

235.     Siddarth Ravindranath is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

236.     Mariah Smith is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

237.     Maria Baizabal is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

238.     Yizhe Xu is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

239.     Winston Hamm is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

240.     Manuel Brito-Puello is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

241.     Ayman Aboushomar is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

242.     Odanis Rosario is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

243.     Kourouma Madoussou is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

244. Uyless P. Williams, Jr. is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

245. Savanna Jones is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

246. Nicole Nickols is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

247. Gloria Nickols is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

248. David Farber is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

249. Ozendy Mercado is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

250. Arlene Little is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

251. Marcelo Mejia-Ylloa is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

252. Salvador Moreta is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

253. Francisco Martinez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

254. Pierina Ramirez-Ghiggo is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

255.    Daniel Gutierrez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

256.    Maude Collins is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

257.    Candida Gomez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

258.    Sharon Kess is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

259.    Lisa Oliver is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

260.    Adepimpe Agiri is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

261.    Donald Griffin is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

262.    Larisa L. Pollack is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

263.    Dionne McFarlane is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

264.    Frank Martinez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

265.    Donna J. King is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

266.     Ciara Casanova is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

267.     Alexandra Young is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

268.     Sonja Keith is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

269.     Taylor Claiborn is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

270.     Jacqueline Y. Jumper is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

271.     Jeremy Tubens is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

272.     Mark Romasky is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

273.     Karina Milla is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

274.     Thomas Murphy is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

275.     Maria Del Rio is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

276.     Amy Escobar Miron is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

277.    Herman Pryor is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

278.    Jennifer Ballesteros is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

279.    Antigha Ikejiofor is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

280.    Numa Melgar is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

281.    Lionel Wharton is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

282.    Dante Arnold is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

283.    Ayde Hernandez-Cortez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

284.    Guido Kevin Quinteros Pacheco is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

285.    Jorge E. Ortega is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

286.    Debra Lovett is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

287.    Aquiles S. Gallardo is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

31

288.    Miguel Barrera Bravo is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

289.    Carolina M. Chavez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

290.    Shelly Pleasant is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

291.    Maria Helena Jimenez is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

292.    JunYong Yang is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

293.    Juandy Jimenez-Castillo is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

294.    Nickoshea Wallace is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

295.    Terry-Ann Bleacher is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

296.    Sonja Davis is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

297.    Nichole Wallace is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

298.    Nasir Wallace is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

299.    Dwayne Walters is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

300.    Melissa Bland is an adult individual who has made a claim, as Independent Executor of the Estate of Regina Potts, against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

301.    Judy Headrick is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

302.    MacKenzie McEwen is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

303.    Octavius Simmons is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

304.    Salvador Carranza is an adult individual who has made a claim against one or more of the Coach Entities and whose claim is covered under the Momentum Policies.

305.    The individuals identified in paragraphs 101 through 304 will be referred to collectively as the "Claimants."

### JURISDICTION AND VENUE

306.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

307.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

308.    Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

309.    Pursuant to Fed. R. Bankr. P. 7008, Greenwich states that this adversary proceeding relates to above-referenced Coach USA, Inc., et al. chapter 7 cases pending in this Court as Case Nos. 24-11258 (jointly administered).

310.     Pursuant to Fed. R. Bankr. P. 7008 and Local Rule 7008.1, Greenwich consents to entry of final orders or judgment by the Court.

## NATURE OF THE ACTION

311.     Greenwich seeks a declaratory judgment of its rights and obligations under commercial auto liability insurance policies (the "Greenwich Policies") due to an actual controversy between and among Greenwich, Coach and the Claimants concerning the interpretation of the Greenwich Policies as they apply to claims against Coach.

312.     The dispute between and among Greenwich, Coach and the Claimants concerns whether the Greenwich Policies provide coverage for claims arising out of Coach's operations that Coach insured under policies issued by Momentum Risk Retention Group, Inc. ("Momentum"), a risk retention group that is wholly owned by Coach USA.

## FACTUAL BACKGROUND

### A.     THE GREENWICH POLICIES

309.     Greenwich issued Policy No. RAD943765206 to Coach Administration as the named insured for the policy period of August 1, 2019 to August 1, 2020 (the "2019-2020 Greenwich Policy"). A true and correct certified copy of the 2019-2020 Greenwich Policy is attached hereto as Exhibit 1.

310.     Greenwich issued Policy No. RAD943765207 to Coach Administration as the named insured for the policy period of August 1, 2020 to August 1, 2021 (the "2020-2021 Greenwich Policy"). A true and correct certified copy of the 2020-2021 Greenwich Policy is attached hereto as Exhibit 2.

311.     Greenwich issued Policy No. RAD943765208 to Coach Administration as the named insured for the policy period of August 1, 2021 to August 1, 2022 (the "2021-2022

Greenwich Policy"). A true and correct certified copy of the 2021-2022 Greenwich Policy is attached hereto as Exhibit 3.

312.    Greenwich issued Policy No. RAD943765209 to Coach Administration as the named insured for the policy period of August 1, 2022 to August 1, 2023 (the "2022-2023 Greenwich Policy"). A true and correct certified copy of the 2022-2023 Greenwich Policy is attached hereto as Exhibit 4.

313.    Greenwich issued Policy No. RAD943765210 to Coach Administration as the named insured for the policy period of August 1, 2023 to August 1, 2024 (the "2023-2024 Greenwich Policy"). A true and correct certified copy of the 2023-2024 Greenwich Policy is attached hereto as Exhibit 5.

314.    Greenwich issued Policy No. RAD943765211 to Coach Administration as the named insured for the policy period of August 1, 2024 to September 1, 2024 (the "2024 Greenwich Policy"). A true and correct certified copy of the 2024 Greenwich Policy is attached hereto as Exhibit 6.

315.    Pursuant to Section 18 of the Bus Regulatory Reform Act of 1982, each of the Greenwich Policies contain Endorsements for Motor Carrier Policies of Insurance for Public Liability ("MCS 90 Endorsements"). The MCS 90 Endorsements separately identify Coach USA, Coach Administration and a Coach Operating Company as insureds under the Greenwich Policies.

## B.    THE MOMENTUM POLICIES

316.    Beginning on October 1, 2019 and continually through October 1, 2024 Coach insured a significant amount of its operations under the Momentum Policies.

317.    Momentum issued Policy No. RRG2622487-19 to Coach Administration as the named insured for the policy period of October 1, 2019 to October 1, 2020 (the "2019-2020 Momentum Policy").

35

318.    Momentum issued Policy No. RRG2622487-20 to Coach Administration as the named insured for the policy period of October 1, 2020 to October 1, 2021 (the "2020-2021 Momentum Policy").

319.    Momentum issued Policy No. RRG2622487-21 to Coach Administration as the named insured for the policy period of October 1, 2021 to October 1, 2022 (the "2021-2022 Momentum Policy").

320.    Momentum issued Policy No. RRG2622487-22 to Coach Administration as the named insured for the policy period of October 1, 2022 to October 1, 2023 (the "2022-2023 Momentum Policy").

321.    Momentum issued Policy No. RRG2622487-23 to Coach Administration as the named insured for the policy period of October 1, 2023 to October 1, 2024 (the "2023-2024 Momentum Policy").

## C.    COACH'S INSURANCE PROGRAM

322.    Coach provided transportation services, including operating passenger buses and motor coaches of various kinds, throughout the United States.

323.    Coach contracted with its clients, which include regional or private transportation companies and other customers (each a "Coach Client"), to provide bus and other transportation services to the Coach Clients.

324.    Contracts between Coach and Coach Clients include provisions that dictate the type and amount of auto liability insurance to be maintained by Coach for the transportation services provided under the contract.

325.    Certain contracts between Coach and a Coach Client require Coach's auto liability insurance to be issued by an "A-rated" insurance company.[1]

326.    In certain states in which Coach operated, state law or regulations require that Coach's auto liability insurance be issued by an "A-rated" insurance company.

327.    Greenwich is an "A-rated" insurance company.

328.    In 2019, Coach determined that it would be in its financial interests to insure itself for auto liability under policies issued by an A-rated insurance company only when a Coach Client or state required that Coach's auto liability insurance be issued by an A-rated insurance company.

329.    To effect this cost-saving strategy, Coach established Momentum as a captive Risk Retention Group under South Carolina law to insure Coach for auto liability in those instances when Coach did not need to be insured by an A-rated insurance company.  As a captive Risk Retention Group of Coach, Momentum insures only Coach (including its many affiliated companies), and does not insure any companies that are not affiliated with Coach.

330.    Because Momentum was a captive Risk Retention Group of Coach, Coach was financially responsible for all payments of Allocated Loss Adjustment Expenses or indemnity in settlements or judgment against Coach for claims covered under the Momentum Policies.

331.    In 2019, Coach informed Greenwich that it was forming Momentum and that it would insure its operations for Coach Clients and in states that did not require auto liability insurance from an A-rated insurance company under auto liability policies to be issued by Momentum.

---

[1]    An "A-rated" insurance company is a company that received at least an "A" rating from a credit rating agency or some other acknowledged indication of financial stability.

332.    Coach was responsible for paying all amounts that the policies stated Greenwich would be obligated to pay.  Each Greenwich Policy includes a Deductible Liability Coverage Endorsement stating that the insured was required to pay directly or reimburse Greenwich for all Allocated Loss Adjustment Expenses and to pay directly or reimburse Greenwich for all indemnity payments required for claims covered under the Greenwich Policy.

333.    Greenwich and Coach are parties to an Insurance Program Agreement (the "IPA") effective August 1, 2019. (A copy of the IPA is attached hereto as Exhibit 7.)

334.    Pursuant to Article VII. of the IPA, Coach agreed to "unconditionally and completely indemnify and hold [Greenwich] harmless against any liabilities, obligations, penalties, costs or expenses, including reasonable fees, incurred directly or indirectly by [Greenwich]" as set forth in article VII.

335.    Pursuant Article IV. of the IPA, Coach granted to Greenwich the right to offset any balances due from Coach to Greenwich under the terms of the IPA against any balances due to Coach from Greenwich or Greenwich's affiliates that issued other insurance policies to Coach.

336.    Pursuant to Article V.A. of the IPA, Coach was required to deliver to Greenwich a Letter of Credit or other collateral in an amount acceptable to Greenwich as security for Coach's obligation to pay or reimburse Greenwich for Allocated Loss Adjustment Expenses and indemnity payments under the Deductible Liability Coverage Endorsement of the Greenwich Policies.

337.    In 2019, when Greenwich and Coach negotiated terms for the 2019-2020 Greenwich Policy before Coach advised Greenwich of its plan to insure certain operations under policies issued by Momentum, Greenwich required Coach to deliver collateral in the amount of $29,800,000 to secure Coach's payment obligations under the 2019-2020 Greenwich Policy based

on Greenwich's understanding that all of Coach's operations and all auto liability risk would be insured under the 2019-2020 Greenwich Policy.

338.    Later in 2019, after Coach decided to form Momentum, Coach informed Greenwich that 60% to 70% of its operations would be insured for auto liability by Momentum, and would not be insured by the 2019-2020 Greenwich Policy.

339.    In reliance on Coach's representation that 60% to 70% of its operations would be insured by Momentum and not by the 2019-2020 Greenwich Policy, Greenwich agreed to a corresponding 60%, or approximately $17,880,000, reduction in the collateral Coach was required to deliver to secure Coach's obligations under the policy.  Greenwich agreed to reduce Coach's collateral requirement because both Greenwich and Coach intended and understood that less of Coach's auto liability risk would be insured under the 2019-2020 Greenwich Policy.

340.    On July 22, 2019, Coach agreed to bind the 2019-2020 Greenwich Policy based on Coach's delivery of a reduced collateral amount of $10,699,808.

341.    When Coach agreed to purchase the 2019-2020 Greenwich Policy, Coach knew that Greenwich agreed to reduce the collateral required for the 2019-2020 Greenwich Policy because certain Coach operations that would have been insured under the 2019-2020 Greenwich Policy would instead be insured by Momentum and that less of the auto liability risk associated with Coach's operations was being insured under the 2019-2020 Greenwich Policy.

342.    When Greenwich renewed Coach's auto liability insurance under the 2020-2021 Policy, the 2021-2022 Policy, the 2022-2023 Policy, the 2023-2024 Policy and the 2024 Policy, Greenwich required Coach to provide collateral at a reduced amount that reflected Greenwich and Coach's intent and understanding that a significant portion of Coach's operations and auto liability

risk were insured under the Momentum Policies and were not insured under the Greenwich Policies.

343.     The Greenwich Policies and the MCS 90 Endorsements indicate that Coach USA, Coach Administration and the Coach Operating Companies are insured under the Greenwich Policies without excluding from coverage claims against Coach USA, Coach Administration and the Coach Operating Companies that are covered under the Momentum Policies, as Greenwich and Coach intended when Greenwich and Coach agreed to insure Coach under the Greenwich Policies.

## D.     COACH'S COURSE OF CONDUCT IN HANDLING CLAIMS UNDER THE GREENWICH POLICIES AND THE MOMENTUM POLICIES

344.     Coach engaged third-party administrator Sedgwick Claims Management Services ("Sedgwick") to administer claims asserted against Coach that were covered under the Greenwich Policies and the Momentum Policies.

345.     When Coach received notice that a claim or lawsuit was asserted against Coach, Coach submitted the claim to Sedgwick to handle the claims on Coach's behalf.

346.     After the formation of Momentum in 2019, and through 2024, Sedgwick handled hundreds of claims against Coach under the Greenwich Policies and the Momentum Policies.

347.     Coach insured all of its own operations that were not based on a contract with a Coach Client under the Momentum Policies in every state that did not require Coach to maintain auto liability coverage on A-rated paper.

348.     Whenever Coach submitted a claim to Sedgwick arising out of its operations in a state or for a Coach Client that that did not require Coach to maintain auto liability coverage on A-rated paper, Coach directed Sedgwick to handle the claim under the Momentum Policies.

40

349.    Whenever Coach submitted a claim to Sedgwick arising out of its operations in a state or for a Coach Client that required Coach to maintain auto liability coverage on A-rated paper, Coach directed Sedgwick to handle the claim under the Greenwich Policies.

350.    Sedgwick followed Coach's instructions and handled claims under either the Momentum Policies or the Greenwich Policies depending on whether the state Coach was operating in or the Coach Client required Coach to maintain auto liability coverage on A-rated paper. Under no circumstances would a claim arising out of Coach's own non-contract-based operations be covered under both a Momentum Policy and a Greenwich Policy.

351.    Because whether Coach's operations for a Coach Client required Coach to maintain auto liability coverage on A-rated paper and whether, as a result, Coach's operations were insured under the Momentum Policies or the Greenwich Policies varied from contract to contract, Coach maintained a list of Coach Operating Companies and Coach Clients that identified whether claims involving the Coach Operating Company and Coach Client were covered under the Greenwich Policies or under the Momentum Policies (the "Rosetta Stone").

352.    When Coach submitted an auto liability claim to Sedgwick, Coach used the Rosetta Stone to direct Sedgewick to handle the claim under either the Greenwich Policies or under the Momentum Policies according to the Rosetta Stone.

353.    Sedgwick followed Coach's instructions and handled claims under either the applicable Momentum Policy or the applicable Greenwich Policy.  Under no circumstances would a claim be covered under both a Momentum Policy and a Greenwich Policy.

354.    Coach funded all payments required under the Greenwich Policies and the Momentum Policies, including Allocated Loss Adjustment Expenses and amounts paid to settle claims or to satisfy judgments against Coach.

355.    Although the terms, conditions, exclusions and endorsements of the Greenwich
Policies and the MCS 90 Endorsements indicate that Coach USA, Coach Administration and the
Coach Operating Companies are insured under the Greenwich Policies, without excluding from
coverage claims against Coach USA, Coach Administration and the Coach Operating Companies
that are covered under the Momentum Policies, Coach, Sedgwick and Greenwich's course of
performance since 2019 is consistent with the parties' intent that whether a particular state required
Coach to maintain auto liability coverage on A-rated paper dictated whether Coach's operations
were insured under the Greenwich Policies or the Momentum Policies and that the Rosetta Stone
dictates which claims arising out of Coach's contract-based operations were covered under the
Greenwich Policies and which claims were covered under the Momentum Polices, and therefore
not covered under the Greenwich Policies.

356.    Because the terms, conditions, exclusions and endorsements of the Greenwich
Policies and the MCS 90 Endorsements to the Greenwich Policies do not exclude from coverage
claims against Coach USA, Coach Administration and the Coach Operating Companies that are
covered under the Momentum Policies as the parties intended and as set forth above, Coach may
demand that Greenwich pay defense expenses for claims that are covered under the Momentum
Policies, and therefore not covered under the Greenwich Policies, where Greenwich has no
obligation to do so.

357.    Because the terms, conditions, exclusions and endorsements of the Greenwich
Policies and the MCS 90 Endorsements to the Greenwich Policies do not exclude from coverage
claims against Coach USA, Coach Administration and the Coach Operating Companies that are
covered under the Momentum Policies as the parties intended and as set forth above, Claimants
whose claims are covered under the Momentum Policies, and therefore not covered under the

Greenwich Policies, have demanded and may demand that Greenwich pay settlements or judgments against Coach under the Greenwich Policies where Greenwich has no obligation to do so.

## E.    THE COACH BANKRUPTCY

358.    On June 11, 2024, Coach and ninety-four (94) affiliates and subsidiaries filed voluntary petitions for relief under chapter 11 of title 11 the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), commencing the above-captioned cases (the "Coach Bankruptcy Cases").

359.    Effective December 31, 2024, the Coach Bankruptcy Cases were converted to cases under chapter 7 of the Bankruptcy Code.

360.    Certain Claimants who have asserted liability claims against Coach filed Proofs of Claim in the Coach Bankruptcy Cases.

361.    Certain Claimants who have asserted liability claims against Coach have obtained relief from the automatic stay in the Coach Bankruptcy Cases allowing Claimants to pursue claims against Coach and pursue recovery in their claims from the available proceeds of the applicable Coach insurance policy or policies.

362.    Claimants' auto liability claims are covered under either a Momentum Policy or a Greenwich Policy as dictated by whether a particular state required Coach to maintain auto liability coverage on A-rated paper and as dictated by the Rosetta Stone.  No Claimants' auto liability claim is covered under both a Momentum Policy and a Greenwich Policy.

## F.    THE DERIPHONSE LAWSUIT AND SETTLEMENT

363.    A Claimant that obtained relief from the stay in the Coach Bankruptcy Cases in order to pursue recovery from Coach's insurers is Anthony Supreme, as administrator Ad Prosequendum of the Estate of Adeline Deriphonse, deceased ("Supreme"), who was the plaintiff

43

in the following lawsuit: *Anthony Supreme, as administrator Ad Prosequendum of the Estate of Adeline Deriphonse, deceased v. Coach USA, Inc., et al.*, Superior Court of New Jersey, Law Division, Essex County, Docket No. ESX-L-2133-21 (the "Deriphonse Lawsuit").

364. Coach USA and Independent Bus Company, Inc. were defendants in the Deriphonse Lawsuit.

365. The Deriphonse Lawsuit arose from a May 21, 2020 accident involving a bus operated by Independent Bus Company for Coach's customer New Jersey Transit Corporation ("New Jersey Transit").

366. According to the Rosetta Stone, Independent Bus Company's operations for New Jersey Transit were covered under the Momentum Policies and were not covered under the Greenwich Policies.

367. Coach instructed Sedgwick to handle the Deriphonse Lawsuit as a claim covered under the 2019-2020 Momentum Policy.

368. According to Coach's instruction, Sedgwick handled the Deriphonse Lawsuit as a claim covered under the 2019-2020 Momentum Policy.

369. On November 7, 2023, Supreme, Coach USA and Independent Bus Company agreed to settle the Deriphonse Lawsuit and executed a settlement agreement (the "Deriphonse Settlement").

370. Pursuant to the Deriphonse Settlement, Coach USA and Independent Bus Company agreed to pay the settlement amount to Supreme in monthly installments for ten consecutive months beginning January 15, 2024 and ending October 15, 2024.

371.    On January 15, 2024, Sedgwick on behalf of Coach USA and Independent Bus Company began making the installment payments to Supreme as required under the Deriphonse Settlement.

372.    In June or July, 2024, Sedgwick stopped making payments on behalf of Coach USA and Independent Bus Company after Coach USA and Independent Bus Company filed for bankruptcy in the Coach Bankruptcy Cases.

373.    On November 22, 2024, Supreme filed a Consent Judgment to enforce the Deriphonse Settlement.

374.    When the Consent Judgment was filed, the amount due to Supreme under the Deriphonse Settlement and Consent Judgment was $1,325,000.00 plus interests and costs.

375.    On December 6, 2024, Supreme demanded that Greenwich satisfy the Consent Judgement based on Supreme's contention that the claims against Coach USA and Independent Bus Company in the Deriphonse Lawsuit were covered under the 2019-2020 Greenwich Policy.

376.    Because (i) the Deriphonse Lawsuit arose from Independent Bus Company's operations for New Jersey Transit, which the parties agreed were covered under the Momentum Policies and not the Greenwich Polices; (ii) Coach instructed Sedgwick that the Deriphonse Lawsuit was to covered under the 2019-2020 Momentum Policy; (iii) Sedgwick handled the Deriphonse Lawsuit as a claim under the 2019-2020 Momentum Policy and made settlement payments under the 2019-2020 Momentum Policy, Greenwich had no obligation to satisfy the Consent Judgment under the 2019-2020 Greenwich Policy, or any other of the Greenwich Policies.

377.    Momentum is the only insurance company that was obligated to pay the Consent Judgment because the 2019-2020 Momentum Policy provided coverage for the claims against Coach USA and Independent Bus Company in the Deriphonse Lawsuit.

378.    Greenwich and Supreme agreed to a settlement of Supreme's demand that Greenwich satisfy the Consent Judgment.

## COUNT I
### Declaratory Judgment
### (Greenwich v. All Defendants)

379.    Greenwich incorporates by reference the allegations in paragraphs 1 through 378, as if fully set forth herein.

380.    Beginning on October 1, 2019, Coach transferred its insurance for a significant portion of its operations and auto liability risk from Greenwich to Momentum.

381.    Both Coach and Greenwich had an understanding and agreement of the purpose and effect of the transfer of this category of risk to the Momentum Policies.

382.    After October 1, 2019, Greenwich and Coach intended and agreed to insure Coach's auto liability risks under the Greenwich Policies only in those instances where the state in which Coach operated or the Coach Client required that Coach be insured for auto liability by an A-rated insurer.

383.    After October 1, 2019, Greenwich and Coach intended and agreed to insure Coach's auto liability risks under the Momentum Policies in every instance where the state in which Coach operated or the Coach Client did not require that Coach be insured for auto liability by an A-rated insurer.

384.    The Rosetta Stone identifies the Coach operations by Coach Operating Company and Coach Client that Greenwich and Coach intended and agreed to be insured under the Greenwich Policies.

385.   The Rosetta Stone identifies the Coach operations by Coach Operating Company and Coach Client that Greenwich and Coach and intended and agreed to be insured under the Momentum Policies.

386.   Greenwich and Coach did not intend the Greenwich Policies to insure Coach's auto liability risks that Coach intended to be insured under the Momentum Policies.

387.   Coach and Greenwich had a mutual understanding and agreement of the risks they intended to be insured under the Greenwich Policies.

388.   Since October 1, 2019, Greenwich, Coach, and Sedgwick's course of conduct and performance regarding auto liability claims against Coach were consistent with the parties' intent and agreement that Coach's auto liability risks were insured under the Greenwich Policies only in those instances where the state in which Coach operated or the Coach Client required that Coach be insured for auto liability by an A-rated insurer.

389.   Since October 1, 2019, Greenwich, Coach and Sedgwick's course of conduct and performance regarding auto liability claims against Coach were consistent with the parties' intent and agreement that Coach's auto liability risks were insured under the Momentum Policies in every instance where the state in which Coach operated or the Coach Client did not require that Coach be insured for auto liability by an A-rated insurer.

390.   By the mutual mistake of Greenwich and Coach, the Greenwich Policies and the MCS 90 Endorsements do not reflect the parties' intent and agreement that auto liability claims insured under the Momentum Policies are not insured under the Greenwich Policies, and accordingly the Greenwich Polices and the MCS 90 Endorsements do not express the parties' intent and agreement.

391.    In the alternative, that fact that the Greenwich Policies and the MCS 90 Endorsements do not reflect the parties' intent and agreement that auto liability claims insured under the Momentum Policies are not insured under the Greenwich Policies was the result of a mistake by Greenwich of which Coach had knowledge and failed to correct.

392.    An actual controversy exists between and among Greenwich, Coach, and the Claimants as to whether the auto liability claims insured under the Momentum Policies are not insured under the Greenwich Policies.

393.    Greenwich requests a declaration by the Court that the Greenwich Policies and MCS 90 Endorsements do not provide coverage for, or obligate Greenwich to pay, Allocated Loss Adjustment Expenses or indemnity for settlements or judgements in claims based on Coach's operations that are insured under the Momentum Policies as dictated by whether the state in which Coach was operating or the Coach Client did not require Coach to maintain insurance on A-rated paper.

394.    Greenwich requests a declaration by the Court that the Greenwich Policies and MCS 90 Endorsements do not provide coverage for, or obligate Greenwich to pay, Allocated Loss Adjustment Expenses or indemnity for settlements or judgements in claims based on Coach's operations that are insured under the Momentum Policies as dictated by the Rosetta Stone.

395.    The declaration that Greenwich requests would accurately reflect the parties' actual agreement and intent with respect to insurance provided by the Greenwich Policies and Greenwich's obligations to Claimants and Coach under the MCS 90 Endorsements.

**WHEREFORE**, Greenwich Insurance Company demands a judgment:

a.  Declaring that the Greenwich Policies do not insure Coach's operations that Coach
    and Greenwich intended and agreed would be insured under the Momentum
    Policies;

b.  Declaring that the MCS 90 Endorsements are void to the extent that they impose
    obligations on Greenwich to pay Claimants for claims arising out of Coach's
    operations that Coach and Greenwich intended and agreed would be insured under
    the Momentum Policies; and

c.  Entering judgment providing such other relief as the Court may deem necessary
    and proper to effectuate the Court's declaratory judgment.

## COUNT II
### Indemnification
### (Greenwich v. Coach)

396.    Greenwich incorporates by reference the allegations in paragraphs 1 through 395,
as if fully set forth herein.

397.    The IPA is a valid and binding contract between Greenwich and Coach.

398.    Pursuant to Article VII.A.2. of the IPA, Coach agreed to unconditionally and
completely indemnify and hold Greenwich harmless against liabilities, obligations, penalties, costs
or expenses, including reasonable attorneys' fees that Greenwich incurs directly or indirectly
arising from or attributable in whole or in part to any act, error or omission of Coach, including its
affiliates and their officers, employees, directors and agents.

399.    Greenwich has incurred and may incur liabilities, obligations, penalties, costs and
expenses arising out of or attributable at least in part to acts, errors or omissions of Coach, and its
affiliates and their officers, employees, directors and agents.

400.    By way of example, but not by limitation, Greenwich has incurred liabilities, obligations, costs and expenses in the Deriphonse Settlement arising out of and attributable at least in part to acts, errors and omissions of Coach and Momentum in refusing or failing to pay amounts due to Supreme in the settlement of the Deriphonse Lawsuit that Coach and/or Momentum were obligated to pay.

401.    Pursuant to Article VII. of the IPA, Coach is obligated to unconditionally and completely indemnify Greenwich and hold Greenwich harmless for amounts Greenwich paid in connection with the Deriphonse Settlement and Consent Judgment.

402.    Coach has not indemnified Greenwich for amounts Greenwich paid in connection with the Deriphonse Settlement and Consent Judgment.

403.    Coach has breached its obligations under the IPA to indemnify and hold Greenwich harmless causing harm to Greenwich.

404.    Pursuant to Article IV. of the IPA, Greenwich has the right to offset amounts due to Greenwich for Coach's obligation to indemnify Greenwich for amounts Greenwich paid in connection with the Deriphonse Settlement and Consent Judgment against any balances due to Coach from Greenwich.

405.    Greenwich's right to offset applies to any Collateral held by Greenwich.

**WHEREFORE**, Greenwich demands a judgment that:

a.    Coach is required to indemnify Greenwich pursuant to Article VII.A.2. of the IPA for amounts Greenwich paid in the Deriphonse Settlement;

b.    Declaring that Greenwich is entitled to use the Collateral to satisfy Coach's obligation to indemnify Greenwich for amounts Greenwich paid in the Deriphonse Settlement;

c. Declaring that Coach is required to indemnify Greenwich pursuant to Article VII.A.2. of the IPA for amounts Greenwich pays for liabilities, obligations, penalties, costs or expenses, including reasonable attorneys' fees that Greenwich incurs directly or indirectly arising from or attributable in whole or in part to any act, error or omission of Coach, including its affiliates and their officers, employees, directors and agents;

d. Declaring that Greenwich is entitled to use the Collateral to satisfy Coach's obligation to indemnify Greenwich for liabilities, obligations, penalties, costs or expenses, including reasonable attorneys' fees that Greenwich incurs directly or indirectly arising from or attributable in whole or in part to any act, error or omission of Coach, including its affiliates and their officers, employees, directors and agents; and

e. Such other relief as the Court may deem necessary and proper.

**COUNT III**
**Unjust Enrichment**
**(Greenwich v. Coach)**

406. Greenwich incorporates by reference the allegations in paragraphs 1 through 405, as if fully set forth herein.

407. Beginning on October 1, 2019, Coach transferred its insurance for a significant portion of its operations and auto liability risk from Greenwich to Momentum.

408. After October 1, 2019, Coach intended to insure Coach's auto liability risks under the Greenwich Policies only in those instances where the state in which Coach operated or a Coach Client required that Coach be insured for auto liability by an A-rated insurer.

409. After October 1, 2019, Coach intended to insure Coach's auto liability risks under the Momentum Policies in every instance where the state in which Coach operated or the Coach Client did not require that Coach be insured for auto liability by an A-rated insurer.

410. As a result of Coach's transfer of the auto liability risks arising from a significant portion of Coach's operations to the Momentum Policies, Greenwich conferred a benefit on Coach through reducing the amount of Collateral Coach was required to deliver to Greenwich to secure its obligations under the Greenwich Policies.

411. Coach accepted and retained that benefit and delivered a lower Collateral amount to Greenwich in connection with the Greenwich Policies.

412. It would be inequitable and unjust for Coach to retain the benefit received from Greenwich if Greenwich is required to insure the auto liability risks arising from Coach's operations that were insured under the Momentum Policies.

**WHEREFORE**, Greenwich demands a judgment:

a. Declaring that the Greenwich Policies do not insure Coach's operations that Coach and Greenwich intended and agreed would be insured under the Momentum Policies;

b. Declaring that the MCS 90 Endorsements are void to the extent that they impose obligations on Greenwich to pay Claimants for claims arising out of Coach's operations that Coach and Greenwich intended and agreed would be insured under the Momentum Policies;

c. That Coach is required to indemnify Greenwich for amounts Greenwich paid in the Deriphonse Settlement;

d.  Declaring that Greenwich is entitled to use the Collateral to satisfy Coach's obligation to indemnify Greenwich for amounts Greenwich paid in the Deriphonse Settlement;

e.  Declaring that Coach is required to indemnify Greenwich for amounts Greenwich pays for liabilities, obligations, penalties, costs or expenses, including reasonable attorneys' fees for claims arising out of Coach's operations that Coach and Greenwich intended and agreed would be insured under the Momentum Policies;

f.  Declaring that Greenwich is entitled to use the Collateral to satisfy Coach's obligation to indemnify Greenwich for liabilities, obligations, penalties, costs or expenses, including reasonable attorneys' fees for claims arising out of Coach's operations that Coach and Greenwich intended and agreed would be insured under the Momentum Policies; and

g.  Such other relief as the Court may deem necessary and proper.

Date: April 16, 2025     Respectfully Submitted,

          KENNEDYS CMK, LLP

          */s/ Marc Casarino*

          Marc Casarino (DE 3613)
          222 Delaware Avenue, Suite 710
          Wilmington, DE 19801
          Direct: (302) 308-6647
          Email: marc.casarino@kennedyslaw.com

          -and-

          Louis H. Kozloff, Esquire
          Thomas J. Seery, Esquire
          Eileen M. Bradley, Esquire
          (*pro hoc vice forthcoming for the above*)
          KENNEDYS CMK, LLP
          1600 Market Street
          Suite 1410
          Philadelphia, PA 19103
          Direct: (267) 479-6701
          Louis.Kozloff@kennedyslaw.com
          Thomas.Seery@kennedyslaw.com
          Eileen.Bradley@kennedyslaw.com
          *Attorneys for Plaintiff*
          *Greenwich Insurance Company*